[No. 24101. Department One. December 9, 1932.]

F. H. KNOWLTON, *Appellant,* v. WALKER TIMBER COMPANY *et al., Respondents.*[1]

*J. E. Stewart,* for appellant.

*F. L. Morgan,* for respondents.

PARKER, J.—The plaintiff, Knowlton, commenced this action in the superior court for Grays Harbor county against the defendants, Walker Timber Company, Jeremiah Walker, E. R. Walker and J. C. Walker, upon a promissory note executed and delivered by them to Knowlton for the principal sum of $6,492.50, dated December 31, 1928, and by its terms payable

[1]Reported in 16 P. (2d) 815.

upon demand. The cause proceeded to trial in the superior court, sitting without a jury, and resulted in findings and judgment denying to Knowlton any recovery, from which he has appealed to this court.

The Kassan Gold Company, since sometime prior to the execution of this note, has been a corporation of this state owning certain mining properties. On August 1, 1928, it had exhausted its money resources necessary to the continuation of its development work. Desiring to acquire additional money capital, its board of trustees conceived a plan for the incorporation of another company, to be named Kasaan Mines Corporation.

Briefly, this plan was as follows: The gold company was to transfer to the mines corporation the physical assets of the gold company and receive in payment therefor a certain portion of the stock of the mines corporation. Each stockholder of the gold company was to receive stock in the mines corporation in the same proportion as he or it owned stock in the gold company; this, however, only to the extent of a certain portion of the stock of the mines corporation. Each of the stockholders of the gold company also was to have the right to subscribe for a certain portion of the stock of the mines corporation at ten cents per share, its par value to be one dollar per share, in proportion as he or it owned stock in the gold company. The balance of the stock of the mines corporation was to be sold to others at par. On August 1, 1928, this plan was adopted at a meeting of the trustees of the gold company, and on September 11, 1928, was adopted at a meeting of the stockholders of the gold company.

The allotment of stock in the mines corporation to the Walkers and their timber company, which they, as stockholders in the gold company, had the right to subscribe for at ten cents per share, was in the aggregate

64,925 shares. On August 28, the Walkers, including their timber company, each signed a paper addressed to the gold company, in terms, so subscribing for shares of stock in the mines corporation to be organized, aggregating that number of shares. The Walkers then being unable to pay for these subscribed-for shares, it was agreed between the Walkers and Knowlton that he would pay to the mines corporation, in cash, this subscription obligation of the Walkers, and treat the same as a loan to the Walkers and retain the stock, when issued, as security therefor. The manifestly whole purpose of this plan was to raise money to develop the mining properties. Touching this purpose, the trial court found:

"That the object and purpose of the incorporation of the Kasaan Mines Corporation was understood and agreed to be for the purpose of acquiring additional capital, to which understanding and .agreement both the plaintiff Knowlton and the defendants [the Walkers] were parties."

On January 8, 1929, Knowlton advised the Walkers, by letter, that he had made payment in full for all of their stock subscriptions in the mines corporation; that is, that he had paid $6,492.50, their subscription obligation for 64,925 shares of the stock of the mines corporation. Thereupon, the Walkers gave to Knowlton the note here in question, in consideration of such payment of their stock subscription. On January 15, 1929, the articles of incorporation of the mines corporation, having been executed, were on that date filed in the office of the secretary of state. This was the beginning of the legal existence of that corporation. Prior to that time, it was treated only as having a prospective existence.

Knowlton never actually paid in money any portion of the $6,492.50 which was to be the consideration for

the note; nor did he ever, in any manner, render any portion of that consideration available towards the development of the mining properties. But, being secretary of the gold company, he made debit and credit entries indicating payment to the mines corporation for the subscription of the Walkers for shares in the mines corporation, in connection with certain indebtedness owing by him to the gold company. This might or might not have been effective as between the gold company and the mines corporation; but it was not the money consideration agreed upon as the consideration for the note. That consideration was to be money available toward development of the mining properties.

The organization of the mines corporation was never completed. Nothing was done except to file the articles of incorporation and hold the first meeting of the incorporators. The physical assets of the gold company were never transferred to the mines corporation. The mines corporation never had, and has not now, any physical assets whatsoever. The sale of its stock has been abandoned.

The foregoing summary is largely from the findings of the trial court, which are amply supported by the evidence. In so far as we have stated the facts not specifically found by the trial court, they are either conceded or conclusively proven.

We see nothing in this controversy calling for serious consideration, other than the question of fact as to whether or not the consideration for the giving of the note by the Walkers to Knowlton was to consist of his paying cash to the prospective mines corporation to create a fund to aid in the further development of the mines, and the question of fact as to whether or not he has failed to make such payment. We agree with the conclusion of the trial court that such was to

be the consideration for the giving of the note, and that that consideration has wholly failed by the failure of Knowlton to make such payment. We do not think the cause calls for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.